Walter R. Palmer *vs.* Michael Saccocia.

MARCH 8, 1912.

Present: Johnson, Parkhurst, and Sweetland, JJ.

*(1)*   *Dogs.*   *Injury Outside of Owners Enclosure.*

Under Gen. Laws, cap. 135, §§ 3, 5, a person is liable for damage caused by a dog owned or kept by him, when the dog is out of his enclosure regardless of the means whereby the dog was enabled to get out of said enclosure and the liability of a defendant is not conditioned upon his negligence or fault in permitting or enabling the dog to leave his premises.

ACTION for damages caused by dog.    Heard on exceptions of defendant and overruled.

SWEETLAND, J.    This is an action to recover damages for injuries caused by a dog, alleged to have been owned or kept by the defendant at the time said injuries were received.

At the trial in the superior court before Mr. Justice Lee, sitting with a jury, the defendant presented no testimony. From the uncontradicted testimony of the plaintiff and his witnesses it appears that on November 13th, 1909, the plaintiff, a boy then fourteen years old, was playing with a son of the defendant, a boy of about the same age as the plaintiff, on Cranston street, in the city of Cranston, a short distance from the premises of the defendant; that the son of the defendant became angry with the plaintiff and going upon his father's premises, released a dog which was then chained in the yard.    When the dog had come out of the enclosure of the defendant the defendant's son incited the dog to attack the plaintiff, who was then out of the enclosure of the defendant.    The dog bit the plaintiff and injured him severely.    It does not appear that the plaintiff at any time had been within the enclosure of the defendant.    The testimony does not show positively who was the owner of the dog at the time of said occurrence, but it does appear that the defendant had kept or harbored the dog on his land for some time previous to that day.

After verdict for the plaintiff, the case is here upon exception to the refusal of the justice presiding at the trial to direct a verdict for the defendant at the close of the testimony as requested by the defendant; and also upon exceptions to certain instructions given by said justice to the jury. The defendant's exceptions are all based upon his claim that he is not liable because the dog was chained upon his premises and was released by a third person without the knowledge or consent of the defendant.    The said justice instructed the jury that the defendant was liable for damage caused by the dog owned or kept by him, when said dog was out of the

defendant's enclosure, regardless of the means whereby the dog was enabled to get out of said enclosure.

(1)      Chapter 135, sec. 3, Gen. Laws, 1909, provides among other things: "If any dog . . . shall assault or bite or otherwise injure any person while traveling the highway or out of the enclosure of the owner or keeper of such dog, the owner or keeper of such dog shall be liable to the person aggrieved as aforesaid, for all damages sustained." Section 5 of said Chapter 135 provides as follows: "Sec. 5. Every person keeping or harboring in his house or on his lands any dog, or knowingly suffering the same to be done by any other person, shall be liable for all damages done by said dog in the same manner as if he were the owner thereof."

The statute does not consider or make of any consequence the manner in which the dog gets upon the highway or out of the defendant's enclosure. The liability of the defendant is not at all conditioned upon his negligence or fault in permitting or enabling the dog to leave his premises. The statute intends to place upon the person who owns, keeps or harbors a dog the liability for injury which said dog may inflict outside of that person's enclosure.

The ruling and instructions of the justice of which the defendant complains are without error. The exceptions are overruled and the case is remitted to the superior court with direction to enter judgment upon the verdict.

*Henry A. Palmer,* for plaintiff.
*James J. McGovern, Harold W. James,* for defendant.